## Rau v. Manko et al.

*Thomas Boylan,* for plaintiff.

*J. R. Martin,* for defendant.

*Thomas D. McBride,* for additional defendant.

GORDON, JR., P. J., July 9, 1940.—This case is before us on a pretrial conference hearing. The action is in trespass for damages arising out of a right-angle collision at an intersection. Plaintiff was the guest occupant of one of the automobiles involved in the collision, and the suit is against defendant, who was the operator of the other automobile, the driver of the automobile in which plaintiff was a guest occupant not being joined by plaintiff as a party defendant to the action. Defendant then

issued a writ of scire facias against the driver of the automobile in which plaintiff was riding to bring him in as an additional defendant. The writ alleged liability in the alternative on the part of the additional defendant. That is to say, it averred: First, that the additional defendant was solely responsible for the accident; and, second, that if the additional defendant were found to be jointly liable with the defendant for the accident, the latter desired to hold the additional defendant to a liability to contribute to the satisfaction of any verdict that might be recovered against defendant. Plaintiff, however, declines to file a supplemental statement of claim against the additional defendant.

This grounding of liability in the alternative is not permitted by the Pennsylvania Rules of Civil Procedure, and, in our opinion, renders the writ of scire facias ineffective for any purpose. Rule 2252(a) of the Rules of Civil Procedure which prescribes the circumstances in which additional parties may be joined in actions, provides that defendant, after filing an answer, may join as an additional defendant "any person . . . who may be alone liable or liable over to him for the cause of action declared upon or jointly or severally liable therefor with him." The language of this rule follows that of the original Scire Facias Act of April 10, 1929, P. L. 479, and its amendments prior to the last amendment of June 25, 1937, P. L. 2118, which did not permit a scire facias to be issued in the alternative. The 1937 act, however, which expressly permitted such an alternative pleading, was suspended absolutely by section 4 of Pa. R. C. P. 2275, and the note appended to Pa. R. C. P. 2252(a) explains the omission as follows:

"The grounds upon which a person may be joined as an additional party are those justifying the joinder of an additional defendant by the writ of scire facias by the Act of 1929 as amended by the Acts of June 22, 1931, P. L. 663, and May 18, 1933, P. L. 807. The Amendment of June 25, 1937, P. L. 2118, which permits a more

liberal use of the writ of scire facias is suspended. In thus returning to practice prior to the Amendment of 1937, this rule seeks to avoid the confusion which that amendment might produce and follows in general Rule 14(a) of the Federal Rules of Civil Procedure." From this explanatory note it is evident that the right to bring in an additional defendant on an alternative liability was intended to be abolished by the adoption of the new rules by the Supreme Court (see opinion by Oliver, P. J., in Richardson, Admx., v. Clifton et al., 38 D. & C. 89). Hence the writ in this case is fatally defective, and would be quashed on motion of the additional defendant.

In these circumstances the additional defendant moved, at the pretrial conference hearing, to quash the writ and dismiss the proceeding as to him. This arises the question of the extent of our powers on a pretrial conference. Rule 212 of the Rules of Civil Procedure relating to pretrial conferences provides:

"In any action the court, of its own motion or on motion of any party, may direct the attorneys for the parties to appear for a conference to consider:

"(a) The simplification of the issues . . .

"(f) Such other matters as may aid in the disposition of the action.

"The court may make an order reciting the action taken at the conference . . . and limiting the issues for trial to those not disposed of by admissions or agreements of the attorneys. Such order when entered shall control the subsequent course of the action unless modified at the trial to prevent manifest injustice." This language, in our opinion, gives us ample authority to quash a writ of scire facias which is so fatally defective that a recovery could not be had under it, especially since to refuse to do so would result in subjecting an added defendant to the fruitless expenses and labor of preparing for a trial in which the court would undoubtedly have to give binding instructions in his favor.

In the present case plaintiff has declined to file a supplementary statement asserting a claim against the additional defendant, and under Pa. R. C. P. 2258(c), which provides that "the failure of the plaintiff to file a supplementary statement within the period fixed by clause (a) of this rule shall bar him from any recovery against such additional defendant," plaintiff cannot recover against the additional defendant. Neither can the original defendant recover against the additional defendant, because of the manifestly fatal defect in the writ. To quash the writ, therefore, would "simplify" and "limit" the issues, and facilitate the prompt disposition of the action at the trial. Accordingly, the writ of scire facias heretofore issued against the additional defendant in the case is quashed, and the proceeding as to him dismissed, and it is ordered that, at the trial of the cause, the only issue to be submitted to the jury is that of the liability of the original defendant to plaintiff for the cause of action sued on.